CULPEPPER, Judge.
This is a suit to annul a tax sale. The plaintiff, Frank Oldham, Jr., is the tax debtor. His 4.28 acres with improvements was sold at a tax sale in 1973. The defendant, Bain B. Gilcrease, is the purchaser at the tax sale. The district judge held the tax sale was valid and dismissed plaintiff’s suit. Plaintiff appealed.
The substantial issues on appeal are: (1) Is the tax sale invalid for lack of the required notice to plaintiff of the delinquent taxes? (2) Is the tax sale invalid because the property is divisible in kind, and the tax collector should have sold only a divided portion of the unimproved acreage, instead of an undivided 90% interest in the whole, sufficient to satisfy the taxes, interest and costs totaling $43.51?
The facts show that the tax sale in question was held by the sheriff and ex-officio tax collector of Grant Parish on March 31, 1973. The tax deed in question is dated April 2, 1973 and conveys property described therein as “4.5 acres in SW corner of E/4 of W/2 of SW, Section 10 — 7-3West, Impts.”, located in Ward 6 of the Parish of Grant. The amount of the taxes, interest and costs due for the year 1972 is itemized and totals $43.51. In the tax deed, the sheriff states that he: “did offer for sale the least quantity of the above described property that any bidder would buy for the taxes, interest and costs, 90% interest, and Bain B. Gilcrease a resident of the Parish of Grant bidding the amount of the taxes, interest and costs, 90% interest, it being the sum of $43.51 Dollars, which amount the said Bain B. Gilcrease paid to me in cash, the receipt whereof is hereby acknowledged, the said property was adjudicated to the said Bain B. Gilcrease.”
The suit was filed on March 31, 1978 and was therefore timely filed within the 5-year peremptive period provided by LSA-La. Const, of 1921, Article 10, Section 11 and *MCCCLXIII LSA-R.S. 47:2226 for suits to annul tax sales.

NOTICE OF DELINQUENT TAXES

Plaintiff first contends the tax sale is invalid because the tax collector did not send him notice of the delinquent taxes for the year 1972, as required by LSA-R.S. 47:2180. The facts are that plaintiff lived in Rapides Parish, but he had purchased in 1966 for the sum of $5,500 the 4.28-acre tract in question for use as a camp on Iatt Lake in Grant Parish. The record shows that the tax collector sent notice of the 1972 taxes to plaintiff at Box 788, Alexandria, Louisiana, which was plaintiff’s business address. The return receipt for the notice is dated February 5, 1978 and is signed by “Mrs. Williams”, as agent for “Frank Old-ham, Jr.”, the plaintiff.
Plaintiff testified that in 1973 he had a stroke and employed Mary Williams as a temporary office manager during his illness. He says he had no knowledge of the notice, and that he did not learn of the 1973 tax sale until in 1978 a man seeking a mineral lease on his property told him about it.
The trial judge correctly held that mailing of the notice to plaintiff at his correct business address in Rapides Parish and receipt by plaintiff’s agent was sufficient to satisfy the statutory requirement. On appeal, plaintiff does not seriously argue lack of notice.

PROPERTY DIVISIBLE IN KIND

Plaintiff’s principal contention is that the tax sale is invalid because the property is divisible in kind and the sheriff should have sold only the least quantity, no more than one unimproved acre, sufficient to satisfy the taxes, interest and costs.
The facts show that the plaintiff purchased this 4.28-acre tract with improvements thereon in 1966 for the sum of $5,500. The property is on Iatt Lake in an area where there are many camps and summer homes. The tract is rectangular in shape. It fronts 570 feet on the east side of a public road and has a depth of 320 feet. The improvements consist of a wooden frame two-bedroom house and a well shed, both of which are located on approximately the north one-half of the property.
Plaintiff presented the testimony of three expert realtors and land appraisers who testified that the property has a total value of about $16,000, and that it could easily be divided into three separate lots without affecting the improvements and without diminishing the value of the entire tract. Under this testimony, a 1-acre portion, without improvements, could have been sold to satisfy the taxes, interest and costs totaling $43.51.
The defendant points out that on cross-examination each of these experts testified he had actually visited the property and examined surveys to determine the location of the improvements. These experts testified that without a visual inspection of the property or a survey it would be impossible to determine whether a 1-acre portion, without improvements, could have been sold to satisfy the taxes.
Chief Civil Deputy Wayne Faraldo testified that in conducting the tax sale at issue he followed the usual procedure used in Grant Parish. No effort was made by the tax collector to determine whether the property was divisible in kind, nor was any effort made to determine whether a separate part of the whole could be sold to satisfy the sum of $43.51. He testified as follows:
“A After we read the description of the property, I ask for a bid.
Q . and then you said that, I believe you just said that you specifically ask for bids of undivided interest. Is that correct?
A Correct. In a percentage.
Q In a percentage, and in fact, in this case, that’s what was conveyed, what was purv . . . purportedly conveyed by your tax sale deed. Was it not?
A Correct
Q Did you ever offer to sell any specific portion of this property? For example, did you ever offer for sale one acre on the south end?
A No.
*MCCCLXIV Q. One acre on the north end? <y
A No. ■<
Q Did you make an effort to determine what the smallest portion of this property could be that could be sold for taxes, interest and costs?
A No. We just call for a bid.
Q So, it’s your testimony that you don’t make any determination as to whether it’s divisible in kind or not, and whether or not .
A Correct.
Q You don’t make that determination?
A Correct.
Q You just offer it for sale?
A Correct.
Q . And do you offer the property for sale the same way whether or not the Assessor’s Rolls show improvements?
A Yes.”
Since the tax sale in question occurred in 1973, the applicable constitutional provision is contained in the Louisiana Constitution of 1921, Article 10, Section 11 which provides in pertinent part that the tax collector:
“. . . shall sell such portion of the property as the debtor shall point out; and in case the debtor shall not point out sufficient property, the collector shall, at once and without further delay, sell the least quantity of property which any bidder will buy for the amount of taxes, interest and costs.”
There is no evidence that the tax debtor pointed out to the collector any portion of the property as being sufficient.
The applicable statutory provisions are contained in LSA-R.S. 47:2184 as follows:
“The tax sale shall convey, and the purchaser shall take, the whole of the property assessed to the delinquent taxpayer if it is the least quantity sufficient to satisfy the aggregate of all taxes, interest, penalties and costs. If the property is not divisible in kind and a part of the whole or undivided interest is sufficient to satisfy such aggregate charges, the collector shall require the bid or bids to be for such lesser portion of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof.”
In the case of Weeks v. Seaman, 33 So.2d 79 (La.App. 1st Cir. 1947), the tax sale at issue concerned 80 acres of unimproved land. The issue there, as here, was whether the sale was invalid where it conveyed an undivided one-half interest in the 80 acres rather than the least quantity of acres sufficient to satisfy the taxes. The court reviewed in detail the legislative and jurisprudential sources and history of the above quoted constitutional and statutory provisions. The opinion quotes with approval the reasoning of the trial judge as follows:
“Insofar as the surface of this property is concerned, it is obvious that it can be divided in kind. The dividing line may run north and south, east and west, or in any other direction, or it may consist of natural markings such as the creek which crosses the land.”
“Under the provisions of the above cited act, the tax collector is authorized to sell an undivided interest in the property assessed to the delinquent taxpayer only when such property is not divisible in kind. Neither the tax collector nor the Court is allowed to disregard the rules prescribed by the statute and to sell or maintain sales for taxes made in a manner different from that prescribed by law.
* * * * * *
“Defendant contends arguendo that a division of this property in kind would cause a diminution of its value or loss or inconvenience to one of the owners, and for that reason a division in kind is prohibited by Articles 1336, 1339 and 1340 of the Revised Civil Code. These articles of the Civil Code relate to judicial partitions of property belonging to co-heirs or co-owners where it is necessary that each co-owner receives a portion of the property which will correspond in value to his interest.
“ * * * It might be mentioned, however, that in these articles of the Civil *MCCCLXV Code two types of property are recognized, namely, property which is indivisible by nature and property which cannot be conveniently divided. In a judicial partition neither type of property may be partitioned in kind, whereas in a tax sale all types of property, except that which is indivisible by nature, must be offered for sale or sold in separate portions. In a tax sale, if the property is divisible by nature an undivided interest in the property may not be sold even though the property cannot be conveniently divided within the meaning of Article 1340 of the Revised Civil Code. This court does not consider the 80 acre tract of unimproved land involved in this suit to be indivisible by nature.”
In the present case, the trial judge distinguishes Weeks v. Seaman, supra, as follows:
“The evidence shows that there is a house and a well on the subject tract of land. In Weeks the property involved was a larger tract with no improvements. The Court feels that the presence of improvements on the 4.28 acres renders the property indivisible in kind. In addition, as a matter of policy, to require the tax collector to go and look at each piece of property and determine whether or not it is divisible in kind before conducting a tax sale would place too great a burden on him. The tax sale is therefore valid.”
We cannot agree with the trial judge. It is our view that Weeks v. Seaman, supra, correctly construes the statute to mean that the tax collector has the duty to determine whether or not the property is divisible in kind, and he is authorized to sell an undivided interest in the property only when it is not divisible in kind. The collector has this duty regardless of whether there are improvements on the property. If necessary, the tax collector must determine by personal inspection or otherwise whether the property is divisible in kind and whether a specific portion of the whole can be sold to satisfy the delinquent taxes. To hold, as the trial judge suggests, that it would be too great a burden to require the collector to inspect the property or otherwise investigate its divisibility in kind, would be to ignore the clear provisions of the statute. Our conclusion is supported by the jurisprudence that tax statutes must be construed in favor of the tax debtor. Brown v. LaNasa, 244 La. 314, 152 So.2d 33 (1963); Hoyle v. Southern Athletic Club, 48 La.Ann. 879, 19 So. 937; Calcasieu Mercantile Company, Inc. v. Frank, 161 So. 201 (La.App. 1st Cir. 1935).
Under this view, the tax sale at issue is clearly invalid. The evidence shows without contradiction that the property is divisible in kind and that one acre without improvements could have been sold to satisfy the sum of $43.51 due for taxes, interest and costs.

POSSESSION BY TAX DEBTOR

In his brief on appeal, plaintiff states that at the time this case was filed and tried in the district court he had not found a case deciding the issue of whether corporeal possession by the tax debtor interrupts the 3-year period for redemption. Plaintiff points out that after this case was decided in the district court, an opinion was rendered in Securities Mortgage Company v. Triplett, 368 So.2d 480 (La.App. 1st Cir. 1979) holding that corporeal possession by the tax debtor interrupts both the 3-year period for redemption and the 5-year per-emptive period. However, our Supreme Court granted a writ in that case, 369 So.2d 456, and on September 4, 1979 rendered a decision, 374 So.2d 1226 (1979) holding that the 3-year redemption period is not interrupted by corporeal possession by the tax debtor. Thus, plaintiff makes no argument regarding possession.

THE DECREE

For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Frank Oldham, Jr., and against the defendant, Bain B. Gilcrease, annulling that certain tax deed of date April 2, 1973 from Frank Oldham, Jr. to Bain B. Gil-crease, Registry # 73,511, recorded in Conveyance Book 189, page 703 of the records of Grant Parish, Louisiana, the land conveyed being described in the tax sale as “4.5 acres in SW corner of E/4 of W/2 of SW, Section 10 — 7-3 West, Impts.”, located in *MCCCLXVI Ward 6 of the Parish of Grant. This judgment is to become effective only upon plaintiff complying with the requirements for payment of the price, taxes, interest and costs, as set forth in Louisiana Constitution of 1974, Article 7, Section 25(C). All costs, both in the trial and appellate courts, are assessed against the defendant.
REVERSED AND RENDERED.