DOMENGEAUX, Judge.
This suit to annul a 1976 tax sale was instituted by plaintiffs, Mack H. Powell and Doris Barron Powell Poissot, the heirs of the tax debtor, Jiley C. Powell, against defendant, C.C. Ferguson, the purchaser at the tax sale. The trial judge held the tax sale to be null and void and ordered that it be set aside. Defendant appeals.
The only substantial issue remaining on appeal[1] is whether or not the trial court *489 erred in failing to give retroactive effect to La.R.S. 47:2184, as amended by Act. No. 399, Section 1, of the 1980 Regular Session of the Louisiana Legislature,[2] thereby finding the tax sale null and void.
The facts established that the tax sale in question was held by the Sheriff and Ex-Officio Tax Collector of Grant Parish on May 8, 1976. The tax deed in question conveys property described as “10A in NE/C of SE of NW, Sec. 12-5-2 West.”, located in Ward 2 of Grant Parish, Louisiana. The amount of taxes, interest and costs due for the year 1975 is itemized and totals $42.29. In the tax deed, the Sheriff states that he “did offer for sale the least quantity of the above described property that any bidder would buy for the taxes, interest and costs 100% and C.C. Ferguson a resident of the Parish of Grant bidding the amount of the taxes, interest and costs, 100% it being the sum of $42.29 Dollars, which amount the said C.C. Ferguson paid to me in cash, the receipt thereof is hereby acknowledged, the said property was adjudicated to the said C.C. Ferguson.”[3]
This suit was filed on June 11, 1980, and was therefore timely filed within the five year peremptive period provided by LSA Louisiana Constitution of 1974, Article 7, Section 25, and La.R.S. 47:2226 for suits to annul tax sales.[4]
A reading of the record convinces us that the Sheriff conducted the tax sale in this case in exactly the same manner as that found in Oldham v. Gilcrease, 377 So.2d 1281 (La.App. 3rd Cir.1979), and therefore the sale contains the same flaws as those found in Gilcrease, supra. In fact, the Sheriff who conducted the tax sale in Gil-crease, who coincidently is the same Sheriff in the suit before us, testified that although he did not personally conduct the tax sale in this case, he gave his deputy, Maribell Yer-by, written instructions to follow at the sale.
Mrs. Yerby testified that she had never conducted a tax sale before, but was given the instructions on how to conduct it. These written instructions were introduced into evidence. Mrs. Yerby further testified that to the best of her recollection she conducted the tax sale exactly as the instructions outlined.
These instructions are self-explanatory, and clearly show that the bids which were requested on that day were of an undivided interest in the property. The second para *490 graph of the instructions specifically addresses this issue, which states:
“All bids will have to be in percent (%) such as 90% of a piece of property, 80%, 70%, etc. Due to confusion in the past years and enormous tasks of keeping records this will be the only type bid we will be able to accept. So we ask you to please do not make any other bid other than a percent (%).”
These instructions which were read to the bidders on that day indicate that not only were percentage bids requested, but that no other type bids could be acceptable. This indicates that even if a bidder had offered to purchase an actual tract of land as required by the statute in effect at the time of the tax sale, the bid would have been rejected. This is precisely the type of tax sale bid which was disapproved by us in the Gilcrease case, supra.
In Gilcrease, supra, it was shown that no effort was made by the tax collector to determine whether the property was divisible in kind, nor was any effort made to determine whether a separate part of the whole could be sold to satisfy the outstanding sum. In that case we held in applying La.R.S. 47:2184, as it then read, that:
“... the tax collector has the duty to determine whether or not the property is divisible in kind, and he is authorized to sell an undivided interest in the property only when it is not divisible in kind. The collector has this duty regardless of whether there are improvements on the property. If necessary, the tax collector must determine by personal inspection or otherwise whether the property is divisible in kind and whether a specific portion of the whole can be sold to satisfy the delinquent taxes. To hold, as the trial judge suggests, that it would be too great a burden to require the collector to inspect the property or otherwise investigate its divisibility in kind, would be to ignore the clear provisions of the statute. Our conclusion is supported by the jurisprudence that tax statutes must be construed in favor of the tax debtor. Brown v. LaNasa, 244 La. 314, 152 So.2d 33 (1963); Hoyle v. Southern Athletic Club, 48 La.Ann. 879, 19 So. 937; Calcasieu Mercantile Company, Inc. v. Frank, 161 So. 201 (La.App. 1st Cir.1935).
Under this view, the tax sale at issue is clearly invalid. The evidence shows without contradiction that the property is divisible in kind and that one acre without improvements could have been sold to satisfy the sum of $43.51 due for taxes, interest and costs.”
We agree with the trial judge who concluded that the property in question, some ten acres or so, was divisible in kind and that a smaller portion was capable of being sold to satisfy the sum of $42.29 due for taxes, interest, and costs. Additionally, the record reflects that no effort was made by the tax collector to ascertain these facts.
Plaintiffs’ contention at trial and in response to defendant’s appeal is that the tax sale is invalid because the property in question is divisible in kind, and, under the pre-revised La.R.S. 47:2184,[5] which was in effect at the time of the tax sale, the Sheriff was required to offer for sale the least quantity of said property sufficient to satisfy the taxes, interest and costs. In short, plaintiffs suggest that applying amended La.R.S. 47:2184 retroactively, as urged by defendant, would divest them of their vested rights in the property sold at the tax sale.
Defendant conversely avers that La.R.S. 47:2184, as amended in 1980 and which prohibits the tax collector from dividing the property into smaller quantities (for sale) *491 than that contained in the description of the property found on the assessment rolls, is procedural or remedial in nature and as such should be given retroactive effect.
Thus, the issue confronting this Court is whether La.R.S. 47:2184 should be retroactively applied to this case. We think not.
Our Supreme Court in Lott v. Haley, 370 So.2d 521 (La.1979), addressed the issue of retroactivity of statutes as follows:
“La.Civil Code art. 8 provides that ‘[a] law can prescribe only for the future; it can have no retrospective operation, ... ’ Likewise, La.R.S. 1:2 states that no statute is retroactive unless it is expressly so stated. According to this court’s consistent interpretation, however, the general rule of prospective application applies only to substantive laws as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of language showing a contrary intention. Ardoin v. Hartford Acc. & Indemn. Co., 360 So.2d 1331 (La.1978); General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953). This jurisprudential rule is subject to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights. Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972); Succession of Lambert, 210 La. 636, 28 So.2d 1 (1946); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940).”
Although La.R.S. 47:2184 in some respects appears to be procedural in nature inasmuch as it prescribes the manner in which the tax collector is to conduct tax sales, we feel that it is also substantive considering that it establishes the criteria for the taking of someone’s property for the payment of past due taxes. Under the pre-revised statute, the Sheriff and Ex-Of-ficio Tax Collector was prohibited from selling a greater quantity of the tax debtor’s property than was necessary to satisfy the tax indebtedness where that property was divisible in kind. Therefore, the sale of the tax debtor’s entire 10 acre tract of land for the payment of $42.29, where that property was divisible in kind and where the sale of as little as one acre would have covered the debt, acted to deprive the tax debtor of his property right to the remainder of his property which was prohibited from sale to satisfy the tax debt. In the instant case, a retroactive application of La.R.S. 47:2184 would in effect deprive plaintiffs of their vested property rights in the property which was wrongfully adjudicated for taxes.
Furthermore, the failure of the tax collector to determine whether or not the property subject to sale was divisible in kind, and the failure to offer only a specific portion of the whole for sale to satisfy the delinquent taxes renders that sale a nullity. Gilcrease, supra. LSA Louisiana Constitution of 1974, Article 7, Section 25 provides for a five year peremptive period in which an aggrieved party may bring an action to nullify an invalid tax sale. So that in this case, at the moment of the invalid sale the rights of plaintiffs to challenge the sale for irregularities within the peremptive period vested with them. To grant retroactive effect to La.R.S. 47:2184, as amended in 1980, would clearly divest plaintiffs of their property rights to bring their action to annul the tax sale as provided for in our Constitution. Accordingly, the trial court correctly held that La.R.S. 47:2184 should apply prospectively only.
For the above and foregoing reasons the judgment of the district court is affirmed. Costs at trial and on appeal are to be assessed against defendant, C.C. Ferguson.
AFFIRMED.

. Defendant also appealed from a judgment granting an exception of prescription filed by third party defendant, Joe Morgan. We dismissed the appeal as to Joe Morgan at 412 *489 So.2d 1162 (La.App. 3rd Cir.1982) as not being timely filed. Therefore, having previously been disposed of, that issue is not presently before this Court.

.La.R.S. 47:2184 as amended by Act 399, Section 1 of 1980 provides in pertinent part as follows:
“The tax sale shall convey, and the purchaser shall take, the whole of the property assessed to the delinquent taxpayer if it is the least quantity sufficient to satisfy the aggregate of all taxes, interest, penalties, and costs. If the property is divisible in kind and a part of the whole is sufficient to satisfy such aggregate charges, the collector shall require the bid or bids to be for such lesser portion of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof. In determining if the property is divisible in kind the description of the property on the assessment rolls shall be binding on the tax collector. The tax collector shall not be required and shall be prohibited from dividing the property into smaller quantities than that contained in the description of the property contained on the assessment rolls. If the tax collector determines from the description of the property contained on the assessment rolls that it is not divisible in kind he shall then proceed to sell such lesser undivided interest of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof. . . ."

. The tax deed in question represents a standardized form used by the Sheriff’s Office of Grant Parish for tax sales. Although at first sight it might seem to purport to represent a sale of the least quantity of the property one was willing to purchase to satisfy the indebtedness, the only bids entertained at the tax sale, as will be seen below, consists of bids in percent form starting at 100% interest in the property. Evidently, no other bid was offered except for 100% interest in the property adjudicated.

. The record reflects that the reason for the delay in bringing this action, although well within the perempted period, is due to the fact that the plaintiffs were not informed of the tax sale until commencement of the succession proceedings of the tax debtor.

. La.R.S. 47:2184 before the 1980 revision read as follows:
“The tax sale shall convey, and the purchaser shall take, the whole of the property assessed to the delinquent taxpayer if it is the least quantity sufficient to satisfy the aggregate of all taxes, interest, penalties and costs. If the property is not divisible in kind and a part of the whole or undivided interest is sufficient to satisfy such aggregate charges, the collector shall require the bid or bids to be for such lesser portion of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof. ...”