Dear Mr. Dupleix:
You have requested an opinion of the Attorney General's Office regarding the procedure for the assessment of a seventy acre tract of land owned in indivision by several individuals. You state that the property has not been partitioned and, historically, you have executed one assessment for the whole tract, thereby resulting in only one tax bill. The co-owners are now requesting that you execute individual assessments which would result in each co-owner receiving a separate tax bill. Should you agree to these separate assessments and, should one or more of the co-owners fail to pay the tax bill, you specifically ask whether the entire seventy acre tract of land will be sold, or only that percentage attributable to the tax debtor(s).
In answer to your question, we refer you to R.S. 47:2184 which provides, in pertinent part, the following:
 § 2184. Immovable property; interests conveyed
 The tax sale shall convey, and the purchasers shall take, the whole of the property assessed to the delinquent tax payer if it is the least quantity sufficient to satisfy the aggregate of all taxes, interest, penalties, and costs. If the property is divisible in kind and a part of the whole is sufficient to satisfy such aggregate charges, the collector shall require the bid or bids to be for such lesser portion of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof. In determining if the property is divisible in kind the description of the property on the assessment rolls shall be binding on the tax collector. The tax collector shall not be required and shall be prohibited from dividing the property into smaller quantities than that contained in the description of the property contained on the assessment rolls. If the tax collector determines from the description of the property contained on the assessment rolls that it is not divisible in kind he shall then proceed to sell such lesser undivided interest of the whole property as will satisfy such charges and shall not entertain a bid in excess thereof. . . .
In the case of Weeks v. Seaman, 33 So.2d 79 (La.App. 1st Cir. 1947), the Court held that an 80 acre tract of unimproved land was capable of being divided in kind. In Oldham v. Gilcrease,377 So.2d 1281 (La.App. 3rd Cir. 1979), rehearing denied, the Court, citing the Weeks case, held that a 4.28 acre tract of land with improvements constituted property that was divisible in kind, and that one acre without improvements could have been sold to satisfy the taxes, interest and costs due.
Based on the above, it is the opinion of this office that the tax collector has the duty to determine whether or not the tax debtor's property is divisible in kind. If he determines that it is not divisible in kind, he then has a duty to entertain bids for the sale of the smallest undivided interest in the property that will bring a price sufficient to satisfy the taxes, interest, penalties and costs due on the property. In accord is Attorney General Opinion No. 97-240.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla