**STATE, Plaintiff-Appellant, v EARL G. SMITH, INC., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3950.   Decided March 7th, 1947

Hugh S. Jenkins, Attorney General, M. L. Schellenger, Asst. Atty. General, Columbus, John M. Woy, Asst. Atty. General, Columbus, for plaintiff-appellee.

Walter J. Mackey, Columbus, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio. This action was brought by the Bureau of Unemployment Compensation of the State of Ohio against Earl G. Smith, Inc. to collect contributions under the Unemployment Compensation Law, alleged to be due for the years 1937 to 1944, inclusive in a total amount of Twelve Hundred and Fifty-eight and 83/100 ($1258.83) Dollars, with interest at eight per cent per annum from various due dates.

In the petition it is alleged that the defendant corporation was an "employer", as defined in the Unemployment Compensation Act, (Secs. 1345-1 to 1345-35, inclusive, GC), and is liable for the contributions set out in the petition which the defendant refused to pay.

The defendant in its answer denied that at any time during the calendar years from 1937 to 1944, inclusive it was subject to the Unemployment Act; that during such period defendant had only two employees who performed services which were covered by the Act, and, therefore it was not an "employer" as defined in §1345-1-b-(1), GC. The defendant in its answer specifically alleged that:

"During the entire period above referred to it had only two regular employees in addition to one individual who, during this period, was compensated on a commission basis, and who, in the performance of his work, was master of his own time and efforts and that the remuneration payable to him was wholly dependent on the amount of effort he chose to expend, and that by virtue of the nature of this work any services performed by such individual is exempt from the Unemployment Compensation Law under §1345-1 c D (8) GC."

The issue presented is clear. Was the defendant corporation an "employer" of three or more employees during the period in question as contemplated by the Act ? The plaintiff introduced the findings of the Bureau of Unemployment Compensation showing the amounts alleged to be due from the defendant, and rested. Under the provisions of §1345-28 GC, the plaintiff made out a prima facie case. It was stipulated that the compensation paid to employees and the amount of contributions due were correctly set forth in the petition, if the defendant were liable under the Act. It was further agreed that the sole issue in the case was whether the services performed by Earl G. Smith for the corporation met the test of the exclusion clause, as provided in §1345-1-c-D-(8), now -(7), GC. The trial court found that Earl G. Smith was compensated on a commission basis, was master of his own time and efforts and his remuneration was wholly dependent on the amount of effort he chose to expend, and that as a consequence the defendant corporation was not considered an "employer" under the Act. Judgment was rendered for the defendant.

Plaintiff-appellant has assigned four separate grounds of error, all of which hinge on the failure of the Court to find that the services of Earl G. Smith were included within the term "employment", as defined in the Act.

To be amenable to the provisions of the Act the employer must have employed within a calendar year three or more individuals, §1345-1-b-(1), GC. The defendant admits that it employed two individuals, but denies it employed three employees, as alleged. Was Earl G. Smith an employee within the meaning of the Act? The section defining "employment" (Sec. 1345-1-c, GC) was amended several times during the period in question, but these amendments did not change the provisions of the exclusion clause applicable to the issue presented. The determination of this issue is controlled by §1345-1-c-D-(8), now -(7), GC. This section, in part provides:

"D. The term 'employment' shall not include:  *  *  *  (7) services performed by an individual for one or more principals who is compensated on a commission basis, and who, in the performance of the work, is master of his own time and efforts, and whose remuneration is wholly dependent on the amount of effort he chooses to expend."

In order to exempt services under this Section of the Act it must be established first, that the employee was comsated on a commission basis; second, that the employee was

master of his own time and efforts; and, third, that the remuneration is wholly dependent on the amount of effort that such employee chooses to expend.

The evidence clearly shows that the Earl G. Smith, Inc., was a corporation engaged in the business of selling real estate and insurance in Akron, Ohio; that Earl G. Smith held a substantial part of the stock and was the president and general manager of the corporation; that the corporation employed a secretary and one other office assistant; that the corporation employed several salesmen who were compensated solely on a commission basis; that the business of the corporation was under the exclusive direction and control of Earl G. Smith. Was Earl G. Smith an employee within the meaning of the Act, or do his services and relationship with the corporation meet the test of the exclusion clause? First, was he compensated on a commission basis? A part of the minutes of the board of directors of the defendant corporation, under date of February 4, 1936, relates to the method used by the corporation in compensating Earl G. Smith for his services, and reads as follows:

"The President suggested that the Directors should, in accordance with the By-Laws of the Company, fix the compensation of the officers of the Company.

"Whereupon, it was duly moved, seconded and carried that the provisions hereto adopted regarding compensation of officers be amended to provide that the President be paid on a drawing account basis, chargeable against commissions earned for brokerage, loan and insurance business and that the Secretary and Treasurer be paid a salary of $1800.00 per year, all other provisions to remain as previously written."

This method of compensating Earl G. Smith for his services never changed. He was compensated on a drawing account basis, chargeable against commissions. He drew as he needed the money and was not confined to a minimum or maximum amount. He was limited only by the amount in his commission drawing account. He received no salary and derived all his compensation on the basis of commissions earned. We are of the opinion that the evidence clearly shows he was compensated solely on a commission basis.

Second, in the performance of his services was he master of his own time and efforts? It is contended that Earl G. Smith, being president and general manager of the corporation, acted under the direction of the board of directors of the

corporation, and that with respect to such services he was not master of his own time and efforts. The evidence does not support this contention. On this matter Mr. Smith testified as follows:

"Q. In performing your services for the Company, are you directed to go any particular place or perform any particular duties by anybody in the Company?

"A. No, never.

"Q. Well, then, are you entirely on your own so far as your time is concerned?

"A. Yes.

"Q. You mean you go and come as you will?

"A. That is right.

"Q. And so far as clients or people with whom you do business, does anybody direct you as to whom you should see or whom you should interview or anything of that kind?

"A. No, I am the master of my fate.

"Q. What was that?

"A. As the poet says, 'I am master of my life.' "

The Earl G. Smith, Inc., in truth and fact, was a one-man corporation. It was his business, and in the performance of his services he acted under the direction of no one. True, the Earl G. Smith, Inc., is a corporation, organized under the laws of the State of Ohio, and, as such, is a distinct entity. Under the law its board of directors is given authority to give directions to its officers and employees. The evidence does not show that the board of directors exercised its prerogative. This issue must be decided on the basis of the factual situation, and cannot rest on a mere fictional relationship which exists between the corporation and its officers and employees. Whether or not Earl G. Smith was master of his own time and efforts is a factual matter. The undisputed evidence in this case shows that he was master of his own time and efforts.

Third, did his remuneration wholly depend on the amount of effort he chose to expend? It is contended that in addition to receiving commissions on his own sales he derived remuneration from the company for sales made by other salesmen. It appears that the corporation kept two accounts, a company commission account, and a separate commission account for Earl G. Smith, against which his withdrawals were chargeable. An effort was made to explain the bookkeeping system used by the corporation, which appears to be rather

complicated. The evidence is not clear that he derived any remuneration from any other source except his personal commission account. On this matter he testified clearly and definitely that no part of the commission earned on sales made by other salesmen was credited to his personal commission account. After a careful consideration of all the evidence on this issue we are not prepared to hold that the trial court was unjustified in finding that his remuneration was wholly dependent on the amount of effort he chose to expend.

The contributions paid under the Act, being in the nature of a tax, we recognize the application of the rule which requires the Court to construe the Act strictly against the State and in favor of the taxpayer. The cases cited by the appellant did not involve the interpretation and application of an exclusion clause, which is the issue presented in the instant case, and, therefore, are not persuasive in the determination of this issue.

We have been furnished a copy of the well considered opinion of Judge Randall, in which he discusses very ably all the issues presented. We might well adopt it as our own.

We are of the opinion that Earl G. Smith was not an employee of the defendant corporation within the meaning of the Act; that the defendant corporation was not an employer of three individuals within the meaning of the Act, and, therefore, was not required to make contributions as required by the Act.

Finding no error in the record, the judgment of the trial court is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.