JIM W. RICHARDSON, Judge ad hoc.
This is an action by rule under summary process to show cause why the defendant should not be condemned to pay to the Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, tax, penalty, and interest set forth in the petition, together with the cost of the proceedings and why a lien and privilege of the State should not be recognized and enforced according to law, brought under the provisions of R.S. 23:-1544 of the State of Louisiana. The purpose of the action is an effort to collect for unemployment compensation contributions or taxes for the period beginning October 1, 1956 and ending September 30, 1959, both inclusive, all in accordance with R.S. 23:1531 et seq., in the amount of $810.00 plus interest, penalty, cost, etc. and to have lien against the defendant recognized and enforced.
The answer to the rule sets out that the Administrator does not have a right of action, that the Act cited limits its application to employers who in each of 20 different weeks in either the current or preceding calendar year has or had in employment four or more individuals, that defendant is not subject to said Statute due to the fact that he did not have in employment four or more individuals during the period set forth in petitioner’s rule. In addition to the exception the defendant generally denies the allegations of the plaintiff’s rule except that he does admit the recordation of the lien but denies validity. The matter was tried in due course in the First City Court of New Orleans. The exceptions were overruled and the rule made absolute and judgment entered in favor of the plaintiff and against the defendant in the amount of $810.00 plus statutory penalty and interest, recognizing the lien and privilege, ordering it enforced and for all costs.
The Trial Judge gave the following Reasons for Judgment:
“This is a rule by Richard E. Brown, Jr., in his official capacity as Administrator of the Division of Employment Security of the Department of Labor, State of Louisiana, for the collection of unemployment compensation taxes allegedly due by the defendant, Dr. Joseph A. LaNasa, under the Louisiana Employment Security Law, L.S.A.R.S. 23:1471 et seq.
“It is admitted by both parties to this controversy, that should the employees of Dr. LaNasa’s Clinic, and those at the Tourist Court be considered together, then the tax as computed by the Administrator is due.
“R.S. 23:1472(10) provides: * All individuals performing services within the State for any employing unit which maintains two or more separate establishments within this State shall be deemed to be employed by a *134 single employing unit for all purposes of this chapter’.
“It will be noted that this section is phrased in the broadest possible terms, it does not use the word ‘business’ but ‘Establishment’ which clearly indicates that the coverage is extended to parties where the employing unit is engaged in a number of businesses, as well as when it is engaged in the same business in a number of different places.
“It then devolves upon the defendant employer to show that he comes within the exception to the act in order to be exempt from the tax.
“The section which purports to give the exemption in this case is R.S. 23:-1472(12) K, which provides:
“1. Such individual has been and will continue to be free from any control or direction over the performance of such services both under the contract and in fact: and
“2. Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed ; and
“3. Such individual is customarily engaged in an independently established trade, occupation, profession or business.
“It will be noted that these exceptions are all conjunctive. Consequently defendant would have to show that all three requirements are met in order to come within the exception.
“The record discloses that the defendant’s wife owns a piece of property designated as ‘Beacon Trailer Park’. The defendant and his wife made a verbal agreement with a Mr. Culotta to operate the trailer park. The record shows that Culotta determined the amount of the rentals, the selection of tenants, and the hiring and firing of personnel. His compensation was a proportion of the net profits from the business.
“At monthly intervals the operator of the trailer park made an accounting to defendant and received twenty five per cent of the income. Mrs. LaNasa appeared at the trailer park monthly, or sometimes more often to pick up the receipts for bank deposits.
“The defendant contends that the trailer park operator was an ‘independent contractor’ and not an employee of the defendant, and hence cannot be included in reaching the minimum number of employees required by the act; in the alternative, if the operator was an employee, then his services fall within Section 1473(12) (E) and consequently same are deemed not to be in employment.
“The Court is of the opinion that the test of Section 1472(12) (E) is the test which is to be applied to any employment. Whether under the ‘independent contractor’ theory or the ‘employee’ theory; and that should an individual meet the tests of the section, he would actually be an ‘independent contractor’. Defendant’s employee, Culotta, fails to meet the test of (II) and (III) of this section.
“The other argument that the defendant and his wife are separate employment units, cannot be upheld because it is shown by the record that this is a community endeavor, and that the manager, Culotta, entered into the agreement with the husband as well as the wife.
“The rule taken by the Administrator in this case will therefore be made absolute.”
The defendant appealed suspensively.
Difficulty was experienced in obtaining a transcript of testimony due to illness of *135 the Court Reporter and the matter has reached us under an agreed statement of facts, to-wit:
“The defendant, Dr. Joseph A. La-Nasa, is and has been for many years, a practicing physician in the City of New Orleans. This has been his sole and only occupation or profession. During the period in question, Dr. La-Nasa occupied a medical office on Tulane Avenue in New Orleans for his professional practice. To assist him, the defendant employed a medical technician and an office maid.
“Also during this period, Mrs. Joseph A. LaNasa, wife of the defendant, was the owner of a piece of realty which is designated as the Beacon Trailer Park. Sometime prior to the commencement of this proceeding Mrs. LaNasa executed an affidavit which was registered in the Conveyance Office declaring that she was the owner of the Beacon Trailer Park. This property is a trailer park which rents space, utilities, etc., to parties having house trailers. It is mainly a transient business.
“It is undisputed that Dr. and Mrs. LaNasa were married previous to the acquisition of the property, that they are and were during the entire period in question, living together and that there was no separation of community property during any of the period in question. It is further undisputed that their share of the profits, if any, from the operation of the Beacon Trailer Park flowed into the community of acquets and gains existing between them.
“The defendant and his wife made a verbal agreement with Mr. Paul Culot-ta regarding the operation of the Beacon Trailer Park. Mr. Culotta was to operate the Park as he saw fit. The consideration for Mr. Culotta was an agreed twenty-five (25%) per cent of the net income. Mr. Culotta was entirely free in the manner of operating the Trailer Park, including the determination of the amount of rentals, the selection of tenants, the eviction of tenants, and the hiring and firing of personnel. Mr. Culotta was free to come and go as he pleased. He decided on what repair work to do without any consultation with the defendant. Mr. Culotta furnished his own tools for the performance of such work. He was completely free of supervision in his operation of the Trailer Park. The only interest that the defendant had in the operation of tire Trailer Park was the result, that is, the defendant was to receive seventy-five (75%) per cent of the net income.
“At monthly intervals the operator of the Trailer Park made an accounting to the defendant and received twenty-five (25%) per cent of the net income. The defendant infrequently visited the Trailer Park and at times several months transpired between his visits. The only regular contact with Mr. Culotta by defendant or defendant’s wife was the monthly, or more often during busy seasons, appearance of Mrs. LaNasa at the Trailer Park for the sole purpose of picking up the receipts for bank deposit.
“Mr. Culotta was the sole boss of the operation of the Trailer Park, ran it as his own entirely free from any control of supervision of the defendant in his operation. He was given no instructions whatsoever in the operation of the Trailer Park and no rules or regulations were prescribed by the defendant or his wife.
“A maintenance man or porter worked at the Trailer Park and was paid a straight salary. This man’s salary was treated as part of the operating costs of the Trailer Park and deducted before the determination of the net income. The operator of the Trailer Park, Mr. Culotta, fired this *136 maintenance man due to the fact he was not satisfied with the man’s work. This was done without any approval or consultation had with the defendant.
“In order for a person to successfully operate a Trailer Park he needs special ability and experience.
“The medical office of the defendant was located on Tulane Avenue in the City of New Orleans and the Beacon Trailer Park was located on Chef Menteur Highway in New Orleans.”
During the argument, it was clearly brought out that there was no dispute as to the facts and that the statement of facts gives all the pertinent information.
The arguments and briefs of counsel hinge around an interpretation of R.S. 23:-1472, the meaning of employer, employing unit, and independent contractor, the appellant urging that this is a suit for taxes and that the pertinent provisions of the law must be liberally interpreted in favor of the defendant taxpayer and strictly constructed against the Administrator. If any doubt or ambiguity in the law, defendant is entitled to have same interpreted in his favor and further urges that the contributions paid by employers pursuant to the annual rate determination called for in LSA-R.S. 23:1536 are taxes and that the plaintiff herein is seeking a tax refund.
Dr. LaNasa is a practicing physician in the City of New Orleans having in his employ two' persons, a medical assistant and a maid, and in order to bring him within the numerical requirement of the Act itself, it is sought to combine these two medical assistants with Mr. Culotta and his assistant at the Trailer Court to reach the magical number of four required by the Act. The Administrator seeks to accomplish this by concluding that Mr. Paul Cu-lotta, operator of a trailer park, and a maintenance man at the trailer park were also employed in defendant’s employ as defined within the Act.
The defendant contends that the relationship existing between Dr. LaNasa and Paul Culotta and the maintenance man was not such a relationship as is contemplated by the Act. In the alternative, if the Court should hold that Paul Culotta and the maintenance man were in defendant’s employ, then the services rendered by Paul Culotta were such as are specifically excluded from the coverage of the Act, alternatively, that if Paul Culotta and the maintenance man are held to have been in the defendant’s employ, the defendant consisted of two separate and distinct employing units as defined within the Act and as such the employees of each employing unit cannot be combined or added together to reach the statutory minimum, and further in the alternative that the defendant, Dr. LaNasa, and his wife were separate employing units whose employees cannot be combined in order to reach the statutory minimum. It is the appellant’s position that the employer-employee relationship did not exist between Paul Culotta and the maintenance man on the one side and the defendant, Dr. LaNasa, on the other side. Dr. LaNasa was to receive 75 per cent of the net income from the trailer park after all expenses were paid and had nothing to do with the manner of the operation of the trailer park. Everything with reference to the operation of the trailer park, such as determination of rentals, selection of tenants, eviction of tenants, hiring and firing of trailer park personnel, determination of and the doing of repair work, was within the sole province of Culotta and not defendant. Culotta was completely free of supervision and control of defendant in the operation of the trailer park and that Cu-lotta’s services were not performed for wages or under a contract for hire as the Act requires and that Culotta’s services were not personal services to the defendant.
On the other hand, the Administrator urges that the husband is head and master of the community and that all community affairs are under his administration and control. (With which we *137 agree.) The wife was not operating the business as part of her separate and para-phernal property. There was no allegation of holding herself out as a public merchant. The conclusion is inescapable that the trailer park is wholly and completely a part of the community, under Dr. LaNasa’s management and control, as is his medical practice. Conceding that Beacon’s Trailer Park has no relationship to Dr. LaNasa’s medical practice, it is possible for an individual to have several trades, occupations and professions. Therefore, Dr. LaNasa was engaged in the practice of medicine and in addition that of operating a trailer park. Thus the services of Culotta were therefore not outside the course of business for which the service was performed, for the usual course of business of Dr. LaNasa was the operation of a trailer park and Culotta’s services as manager thereof were a necessary, integral and usual part of its operation.
The Statute demands that services be performed outside the usual course of business for which the services are performed and not the usual course of business of the employer, but it is urged even if such was the wording of the Statute, Culotta would still be employed and not excluded because the trailer park was one of the usual courses of business of Dr. LaNasa.
Appellant contends that Culotta is engaged in an independently established trade or business. Thus he establishes that management of a trailer park requires special skill. A carpenter, bricklayer or an electrician can be said to possess special skill but they may be employees. The test is the independently established trade or business. Culotta exercised his skill exclusively at the trailer park and at no other place so that his trade or business was not established independently of the trailer park.
Appellant has urged the theory that we are herein dealing with two separate employing units. This is not the case and as a matter of fact, what we actually have are two separate establishments belonging to the same employing unit under LSA-R.S. 23:1472(10):
“ ‘Employing unit’ means any individual * * * which has or * * * had in its employ one or more individuals performing services for it withic this state. All individuals performing services within this state for any employing unit which maintains two or more separate establishments within this state shall be deemed to be employed by a single employing unit for all the purposes of this Chapter.”
The Statute does not say that the establishments referred to must be of a similar nature or that the particular services must be for the same type of business. The separate operations of the defendant — his medical practice and the operation of the trailer park — -are actually two separate establishments operated by the same employing unit, the individual, Dr. LaNasa, and not two distinct employing units owned or controlled.
Much has been said about the affiliate clause. The operations of the Appellant makes up two separate establishments, and not two separate and distinct employing units, the presence of the affiliate clause is not necessary to authorize a combining of the employment of these two establishments as the emphasized portion of the statute quoted authorizes such combination for all the purposes of said statute.
If the trailer park had been owned by a corporation, the affiliate clause would be necessary to combine the employees in the medical office of the individual Appellant and the employees of the separate legal entity, the corporation. The question would then be presented whether or not the individual owned or controlled the corporation sufficiently to warrant affiliation of the employing units. We do not have this problem in the instant case as the Appellant, as an individual, owns both estab- *138 lisliments and the problem is solved by the language of LSA-R.S. 23:1472(10).
The prime purpose of affiliate clauses in the statutes of the several states is to prevent “smart operators” from defeating the aim of the statute by breaking up their businesses into all sorts of small organizations, particularly corporations, with less than a sufficient number of employees performing services for each. If it were not for the affiliate clause, these employers might in many instances, completely avoid liability and thus deprive employees of any benefit rights. The protection afforded to workers by the benevolent provisions of the Employment Security Law includes within its scope all those workers who are not specifically excluded by express legislative mandate, which leads to the inescapable conclusion that all doubts, if there be any, must be resolved in favor of the worker and the Fund.
The Appellant has failed to show that he has met conjunctively the three conditions of LSA-R.S. 23:1472(12) (E) as he must do under the clear and unambiguous wording of that very statutory provision. Having failed to show to the satisfaction of the Administrator that he has met those three conditions with respect to the relationship existing between Appellant and Paul Culot-ta, there can be but one result: Culotta is an employee of Dr. LaNasa, and the medical practice and the trailer park being under the sole direction and control of Dr. LaNasa, there is but one employing unit with sufficient employment to become liable for the contribution imposed by the provisions of the Louisiana Employment Security Law. The arrangement between Dr. LaNasa and Culotta could be terminated without formal notice by either party thereto.
As shown by the agreed statement of facts, the Trial Judge has correctly interpreted the law applicable thereto.
Judgment affirmed.