FOURNET, Chief Justice.
 

 The plaintiff, Richard E. Brown, Jr., in his official capacity as administrator of the state’s Division of Employment Security within the Department of Labor, instituted
 
 *317
 
 these proceedings to collect from Dr. Joseph A. LaNasa the sum of $810 (with interest, penalty, and costs) under Louisiana’s Employment Security Law, R.S. 23 :-1471 et seq. The matter is now before us on a writ of certiorari granted in order that we might review the judgment of the Court of Appeal for the Fourth Circuit affirming the trial court’s decision favorable to the plaintiff. See La.App., 145 So.2d 132.
 

 Inasmuch as difficulty was encountered in obtaining a transcript of the testimony taken during the trial because of the illness of the reporter, the appeal was taken under an agreement with respect to the facts, the pertinent portion of which sets out that the defendant “is and has been for many years a practicing physician” in New Orleans, and
 
 this “has been his sole and only occupation or
 
 profession.” In this capacity he maintained an office on Tulane avenue, where he employed a medical technician and a maid. Mrs. LaNasa, as the owner of property located on the Chef Menteur highway designated as the Beacon Trailer Park, jointly with her husband, entered into a verbal contract for the use of this property by Paul Culotta in renting space, utilities, etc., to owners of house trailers, for a share of the net profits, 25% going to Culotta and 75% to the LaNasas, these amounts being determined on a monthly basis from figures and accounts kept by Culotta. Under this agreement Culotta had complete charge of the park, free from any kind of supervision or control whatsoever. He kept no specific hours, going and coming as he pleased. He had full determination with respect to the amount he would charge for rental space, selection and/or eviction of tenants, hiring and firing of personnel, as well as maintenance, the latter being done by him personally whenever he deemed it advisable, and with his own tools. Culotta employed a porter at the park on a straight salary basis, and this amount, along with all other expenses of operation, was deducted from the gross receipts in arriving at the amount to be shared by him with the LaNasas. (The emphasis has been supplied.)
 

 In order to be liable for the tax sought to be collected here, Dr. LaNasa, to be an “employer” within the purview of the act, must have had four or more individuals in his employ during the taxable period in question,
 
 [1]
 
 and, as the above facts reflect, it would appear to us that neither Culotta nor the porter at the trailer park were employees of LaNasa in the ordinary legal sense of the word, but, rather, that the
 
 *319
 
 above contract involved the letting out of the “thing,” that is, the Beacon Trailer Park, as distinguished from the letting out of labor.
 
 [2]
 
 However, we do not wish to rest our decision on this point alone.
 

 The district judge, in resolving the question here raised against the defendant, reasoned that inasmuch as the legislature phrased the pertinent portion of R.S. 23 :- 1472(10) in the broadest possible terms by-providing that “All individuals performing services within this state for any employing unit [defined in this same section to be “any individual or type of organization * * * which has or * * * had in its employ one or more individuals performing services for it within this state”] which maintains
 
 two or more separate
 
 establishments within this state shall be deemed to be employed by a single employing unit for all the purposes of this Chapter.” this
 
 "clearly indicates
 
 the coverage is extended to parties where the employing unit is engaged in a number of businesses, as well as when it is engaged in the same business in a number of different places.” In this view he is substantially affirmed by the appellate court, though neither court has cited any authority whatsoever in support thereof. (The emphasis has been supplied.)
 

 It would appear to us that in reaching this conclusion the two lower courts, impressed with the beneficent purposes of the act, have given it the broad and liberal construction permissible when such legislation is being viewed from the standpoint of an “employee” claiming benefits thereunder, and have completely overlooked the fact that before such benefits can come into being a compulsory contribution (or excise tax)
 
 [3]
 
 must first be paid by an “employer,” and that this can only be levied by the taxing authority under a statute that is clear and unambiguous and, strictly construed, leaves no question but that such tax is due and payable, the rule prevailing in such instances being that every doubt as to its application must be resolved in favor of the taxpayer and against the taxing power.
 
 [4]
 
 In this respect,
 
 *321
 
 the taxing and the beneficent sections of the act are considered to be entirely separate and distinct. See, Empire Star Mines Co. v. Calif. Employment Com., 28 Cal.2d 33, 168 P.2d 686, and the authorities cited in Footnote No. 4. Neither lower court has given the defendant taxpayer the benefit of this strict construction, or the further rule that where a tax statute is susceptible of more than one reasonable interpretation, the construction less onerous to the taxpayer must be adopted. See, Hibernia Nat. Bank in New Orleans v. La. Tax Commission, 195 La. 43, 196 So. 15; and Rathborne v. Collector of Revenue, 196 La. 795, 200 So. 149.
 

 The legislature has not defined what it means by the word “establishment,” or the phrase “two or more separate establishments” as set out in the isolated sentence from R.S. 23:1472(10) relied on by the lower courts and above quoted. This sentence, as is evident from the arguments advanced here, is susceptible of at least two constructions or interpretations, and, therefore, ambiguous. In order to bring the defendant here within the purview of this word and this phrase, we would be called upon to supply our own definition by adding following the word “establishments” the phrase “whether the employing unit is engaged in a number of businesses or engaged in the same business in a number of different places,” as did the trial judge. This we cannot do. If such words are added, they must be added by the legislative branch of our government, the ambiguity, in the meanwhile, being resolved in favor of the taxpayer under the rule of strict construction.
 

 The authorities cited from other jurisdictions are predicated on statutes that do not contain language identical with ours, and involve factual situations entirely different. They need not, therefore, be discussed or distinguished.
 

 For the reasons assigned, the judgments of Section “B” of the First City Court for the City of New Orleans, and of the Court of Appeal for the Fourth Circuit, are reversed, and the suit is dismissed.
 

 [1]
 

 . Under the heading “Definitions,” in R.S. 23:1472, it is stated that an “employer” means “any employing unit which in each of twenty different weeks * * * has or had in employment four or more individuals.” Sub-section 11(a). Dr. LaNasa could, under this definition, only be an employer if Culotta and the porter at the trailer park could be added to the maid and medical technician at the professional office to make up the necessary four individuals.
 

 [2]
 

 . See, Article 2669 et seq., under the heading “Of The Nature Of The Contract Of Lease And Of Its Several Kinds,” in Chapter 1 of Title IX of the Revised Civil Code.
 

 [3]
 

 . See, Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407. See, also, Higgins, Inc. v. Walker, La.App., 129 So.2d 840, where certiorari was denied by this court.
 

 [4]
 

 . See, Idaho Gold Dredging Co. v. Balderston, 58 Idaho 692, 72 P.2d 105; In re Potlatch Forests, Inc., 72 Idaho 291, 240 P.2d 242; Moorman Mfg. Co. v. Iowa Unemployment Compensation Com., 230 Iowa 123, 296 N.W. 791; Barnes v. Indian Refining Co., 280 Ky. 811, 134 S.W.2d 620; Louisville Title Mortgage Co. v. Com. ex rel. Unemployment Compensation Com., 299 Ky. 224, 184 S.W.2d 963; A. J. Meyer & Co. v. Unemployment Compensation Com., 348 Mo. 147, 152 S.W.2d 184; Nat. School of Aero v. Div. of Employment Security, Mo.App., 226 S.W.2d 93; State v. Earl G. Smith, Inc., 79 OhioApp. 469, 72 N.E.2d 397; State v. Praetorians, 143 Tex. 565, 186 S.W.2d 973, 158 A.L.R. 596; Maryland
 
 *321
 
 Unemployment Compensation Board v. Albrecht, 183 Md. 87, 36 A.2d 666; State ex rel. Oklahoma Employment Security Com. v. Tulsa Flower Exchange, 192 Okl. 293, 135 P.2d 46; and Moorman Mfg. Co. v. Iowa Unemployment Com pensation Com., 230 Iowa 123, 296 N.W. 791. See, also, Higgins, Inc. v. Walker, La.App., 129 So.2d 840, certiorari denied; and 81 C.J.S. Social Security and Public Welfare § 96, p. 140, under the heading of “Taxes”.