LANIER, Judge.
This action is a suit by an insurance company seeking judicial review of an administrative decision of the Administrator of the Office of Employment Security of *191 the Department of Labor (Administrator).[1] The trial court reversed the decision of the Administrator.[2] The Administrator took this devolutive appeal.
FACTS
The undisputed facts of this case were concisely stated by the Administrator in his decision as follows:
Mr. [Richard] Gregg [Jr.] worked with Security Industrial Insurance Company [Security] as a District Manager for the six years immediately preceeding [sic] his separation from the Company. His primary responsibility in this particular position was to motivate the staff managers and agents under his supervision to produce and conserve a satisfactory business. This would require an effective system by which the staff managers and agents would insure that collections and solicitations for new business were made. The Company maintains a 3-tier system in each district for insurance solicitations and collections. In each district, the district manager usually supervises three staff managers who each have five agents under their direct supervision. Mr. Gregg was responsible for the district operations of three staff managers and approximately fifteen agents.
The Company conducts the majority of its business through door-to-door and home visitations. The insurance agents are responsible for making collections and solicitations, while the district manager insures that the staff managers and the agents are effectively carrying out their responsibilities. For the services rendered to the company by Mr. Gregg in this capacity, he was paid based solely on a percentage of the commissions resulting from the activities of the staff managers and agents under his supervision.
Mr. Gregg, a licensed insurance agent, could personally make insurance sales for the Company and was encouraged to do so since this would enhance the commissions in his district and also serve to increase the commissions that he received. The evidence clearly indicates, however, that Mr. Gregg’s primary responsibility was to see that the staff managers and agents in his district produced.
Mr. Gregg had the responsibility of reviewing books and reports submitted by staff managers and agents and the further responsibility of insuring that all monies were turned in as reported. Mr. Gregg was under the supervision of a regional vice-president who would offer ideas, point out problem areas, and otherwise make suggestions for operation to Mr. Gregg in his capacity as a district manager.
A district manager for Security Industrial Insurance Company also acts in the capacity of a staff manager when no staff manager is available. He can select a replacement for a staff manager and acts in conjunction with the staff manager to select insurance agents for the company.
PROCEDURAL FACTS
Security received a statement from the Administrator showing that unemployment compensation benefits were paid to Gregg and charged to its experience-rating record and contribution rate. La.R.S. 23:1541. Pursuant to La.R.S. 23:1541(4), Security asserted that unemployment compensation benefits paid to Gregg were not properly chargeable to its experience-rating record and contribution rate. Security was granted a hearing by the Administrator at which it presented evidence of the services performed by Gregg as a district manager. *192 After the hearing, the Administrator found the following:
OPINION: Louisiana Revised Statute 23:1472(12)(H)(IX) provides:
H. The term “employment” shall not include.
IX. Service performed by an individual as an insurance agent or an [sic] an insurance solicitor, if all such service performed by such individual for his employing units is performed for remuneration solely by way of commission.
The evidence presented to this Agency is sufficient to establish that the services performed by Mr. Gregg for Security Industrial Insurance Company did not fall within the aforementioned exception of Louisiana Employment Security Law and, as such, should be deemed as “employment”. The services performed were an integral part of the business being conducted by Security Industrial and the Company, through its regional vice-presidents, did maintain a sufficient amount of control over the services performed by Mr. Gregg and would be capable of altering the everyday operations of the district over which Mr. Gregg has supervision.
Although it is relatively clear that Mr. Gregg was paid based solely on commission related directly to the performance of the staffs under his control, it is also clear that he spent a minimal, if any, amount of time actually selling or soliciting for insurance.
Mr. Gregg’s primary responsibilities surrounded his supervision of agents and sales managers in their insurance sales and solicitations.
We feel that the evidence does not fully satisfy the requirements of R.S. 23:1472(12)(H)(IX) so as to exempt the services rendered by Mr. Gregg for Security Industrial Insurance Company from the definition of “employment” for purposes of unemployment insurance contributions attributable to Security Industrial.
After receiving notice of the Administrator’s decision, Security filed a petition for judicial review in the Twenty-third Judicial District Court. After a hearing, the trial court found that the Administrator erred as a matter of law in finding the exemption under La.R.S. 23:1472(12)(H)(IX) inapplicable to Gregg and reversed the decision of the Administrator.
This appeal followed.
EXEMPTION FROM LOUISIANA EMPLOYMENT SECURITY LAW UNDER LA.R.S. 23:1472(12)(H)(IX)
(Assignments of error numbers 1 and 2)
The Administrator contends the trial court erred in finding that his decision was incorrect as a matter of law.
The Louisiana Employment Security Law (LESL) is remedial social legislation. La.R.S. 23:1471; Parker v. Gerace, 354 So.2d 1022 (La.1978). It is composed, in principal part, of the taxing section, La.R.S. 23:1531-23:1553, and the beneficent section, La.R.S. 23:1591-23:1635, which are considered to be entirely separate and distinct. Brown v. LaNasa, 244 La. 314, 152 So.2d 33 (1963). The beneficent section is to be given a broad and liberal construction, whereas the taxing section is to be given a narrow and strict construction. Brown v. LaNasa, 244 La. 314, 152 So.2d at 35. This appeal is concerned with the taxing section.
The LESL establishes an unemployment compensation fund. La.R.S. 23:1491 and 23:1531. The amount of an employer’s contribution to the fund is determined, in part, by its experience-rating record. La. R.S. 23:1532-23:1537 and 23:1541. Unemployment compensation benefits paid to an employee are charged to the employer’s experience-rating record. La.R.S. 23:1533 and 23:1541. La.R.S. 23:1541 provides, in pertinent part, as follows:
The administrator shall, not later than October 1 of each year, render a statement to each employer of benefits paid each individual and charged to his experience-rating record for the twelve-month period ending the previous June 30. Provided, however, that the administrator shall ... not later than ninety days after the close of each calendar quarter, ren *193 der a statement to each employer of benefits paid each individual and charged to his experience-rating record. These benefit charges shall be conclusive and binding upon the employer unless he filed an application to review the charges setting forth his reasons therefor within thirty days after the mailing of the notice to his last known address, or in the absence of mailing within twenty-five days after the delivery of the notice.
(1) No employer shall have standing in any proceeding involving the changeability of benefits to his experience-rating record (a) to contest the changeability to his record of any benefits paid in accordance with a determination, reconsidered determination, or decision of which he was given notice and an opportunity to be heard, or (b) to contest the changeability to his record of any benefits on the grounds of potential disqualification because of circumstances surrounding separation from employment if he was not entitled to notice of the determination, reconsidered determination, or decision under which such benefits were paid.
[[Image here]]
(4) The administrator shall promptly notify each employer of his rate of contribution as determined for any experience-rating year pursuant to this Section. This determination shall be conclusive and binding upon an employer unless within 20 days after the mailing of notice hereof to his last known address, or in the absence of mailing within 15 days after the delivery of such notice, the employer files an application for review and redetermination, setting forth his reasons therefor. If the administrator grants such review, the employer shall be promptly notified thereof and shall be granted an opportunity for a fair hearing, but no employer shall have standing, in any proceeding involving his rate of contribution or contribution liability, to contest the chargeability of any benefits to his experience-rating record as to cases wherein he has previously been notified and had an opportunity for hearing, review and appeal.
The employer shall be promptly notified of the administrator’s action which shall become final unless within 20 days after the mailing of notice thereof to his last known address or in the absence of mailing within 15 days after the delivery of such notice a petition for judicial review is filed in the district court of employer’s domicile. In any proceeding under this paragraph the findings of the administrator as to facts shall be presumed to be prima facie correct if supported by substantial and competent evidence. These proceedings shall be heard in a summary manner and shall be given precedence over all other civil cases except cases arising under Part VI of this Chapter and Chapter 10 of this Title. An appeal may be taken from the decision of the district court in the same manner, but not inconsistent with the provisions of this Chapter as in other civil cases. (Emphasis added)
The contributions paid by employers pursuant to the annual rate determination called for in La.R.S. 23:1536 are taxes. Brown v. LaNasa, 244 La. 314, 152 So.2d at 35; Higgins, Inc. v. Walker, 129 So.2d 840 (La.App. 1st Cir.1961). Any provision of the LESL which relieves the employer from the obligation of paying contributions (taxes) is a tax exemption. See W. Horace Williams Co., Inc. v. Cocreham, 214 La. 520, 38 So.2d 157 (1948); Meyers v. Flournoy, 209 La. 812, 25 So.2d 601 (1946); Hibernia Nat. Bank in New Orleans v. Louisiana Tax Commission, 195 La. 43, 196 So. 15 (1940); Roman Catholic Church of Archdiocese of New Orleans v. State, Department of Labor, Office of Employment Security, 387 So.2d 1248 (La.App. 1st Cir.), writ denied, 394 So.2d 607 (La.1980); Black’s Law Dictionary 1310 (5th ed. 1979). Tax laws are to be interpreted liberally in favor of taxpayers, and words defining things to be taxed should not be extended beyond their clear import. Uncertainty in the language of a tax law must be resolved against the government and in favor of the taxpayer. Hibernia Nat. Bank in New Orleans v. Louisiana Tax Commission, 195 La. 43, 196 So. at 18; Higgins, Inc. v. Walker, 129 So.2d at 846. Exemptions from taxation are to be strictly construed against the person claiming the exemption, and they must be clearly and affirmatively estab *194 lished. Bill Roberts, Inc. v. McNamara, 539 So.2d 1226 (La.1989); Zapata Gulf Marine Operators, Inc. v. Louisiana Tax Commission, 554 So.2d 1253 (La.App. 1st Cir.1989), writ denied, 559 So.2d 1357 (La. 1990). Exemptions are an exceptional privilege which must be expressly and clearly conferred in plain terms. McNamara v. Central Marine Service, Inc., 507 So.2d 207 (La.1987); Zapata Gulf Marine Operators, Inc. v. Louisiana Tax Commission, 554 So.2d at 1257.
The material facts in this case, as found by the Administrator and the trial court, are not in dispute. Thus, this court must decide whether the trial court was legally correct in finding that the services performed by Gregg were exempt under La.R.S. 23:1472(12)(H)(IX).
La.R.S. 23:1472(12)(H)(IX) provides as follows:
The term “employment” shall not include:
service performed by an individual as an insurance agent or as an insurance solicitor, if all such service performed by such individual for his employing units is performed for remuneration solely by way of commission;
Thus, for this exemption to apply, it must be found that Gregg was performing services as an insurance agent or solicitor and was paid solely by commission. See, Security Industrial Insurance Company v. State, Department of Labor, 565 So.2d 1073 (La.App. 5th Cir.1990).
It is undisputed that Gregg" was paid solely by commission. Thus, we must determine whether the trial court was legally correct in finding that Gregg performed services as an insurance agent.
The term “insurance agent” is not defined in the LESL. However, words in a statute are to be construed according to their popular and commonly accepted meanings, absent strong reasons to do otherwise. Sales Tax District No. 1 of Parish of Lafourche v. Express Boat Company, Inc., 500 So.2d 364 (La.1987). Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed according to such peculiar and appropriate meaning. La.R.S. 1:3. It is presumed that the legislature when enacting a statute intends the words of that statute to be construed in accordance with any well-known meanings that have become inextricably connected with the term itself. Sales Tax District No. 1 of Parish of La-fourche v. Express Boat Company, Inc., 500 So.2d at 368.
The term “insurance agent” has been defined in the Louisiana Insurance Code (Title 22 of the Louisiana Revised Statutes) and by Louisiana jurisprudence. La.R.S. 22:1111 states the following:
The term “life insurance agent” means any authorized or acknowledged agent of an insurer, and any sub-agent of such agent, who acts as such in the solicitation of, negotiation for, or procurement or making of a life or health and accident insurance or annuity contract, or employee benefit trust, except that the term “life insurance agent” shall not include any regular salaried officer or employee of a licensed insurer, or of a licensed life insurance agent, who does not solicit or accept from the public applications for any such contract. A regular salaried officer or employee of an insurer authorized to do business in this state shall not be deemed to be a “life insurance agent” by reason of rendering assistance to, or on behalf of a licensed life insurance agent, provided that such salaried officer or employee devotes substantially all of his time to activities other than the solicitation of applications for life insurance or annuity contracts and receives no commission or other compensation directly dependent upon the amount of business obtained.[3] (Emphasis added)
This court, in United Insurance Co. of America v. Doyal, 366 So.2d 958, 960 (La.App. 1st Cir.1978) when discussing the exemption in La.R.S. 23:1472(12)(H)(IX), stated the following:
An insurance agent, so far as the insurer is concerned, is a person expressly *195 or impliedly authorized to represent it in dealing with third persons in matters relating to insurance. These agencies are of various kinds and classes, such as general, special, local, resident, soliciting, recording, issuing, collecting, adjusting, etc. (Emphasis added)
Thus, the term “insurance agent” does have a well established legal meaning, a meaning which is broader than the limited definition which the Administrator attempts to give it in La.R.S. 23:1472(12)(H)(IX).
Under the facts of this case, Gregg was performing services as an insurance agent, and the trial court was correct as a matter of law.
These assignments of error are without merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.[4]
AFFIRMED.

. This suit for judicial review was brought pursuant to La.R.S. 23:1541(4).

. This suit came before the trial court on cross motions for summary judgment based on the administrative record. After a hearing on the motions, the trial court rendered judgment denying the Administrator’s motion for summary judgment and granting the insurance company's motion for summary judgment. Essentially, the parties submitted the case to the trial court on the face of the administrative record. For purposes of our review, we will treat this case as if the parties had stipulated to a trial on the merits based on the administrative record.

. Security, Gregg's employer, is an industrial life insurer. La.R.S. 22:1161 and 22:1163, respectively, contain definitions of insurance agent and insurance solicitor; however, these *195 provisions do not apply to industrial life insurers. La.R.S. 22:1164. Even if these definitions were applicable, the result reached would be the same.

. We do not assess the cost of the appeal in this case. La.R.S. 13:4521 and 13:5112.